UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TERRANCE CARLISLE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 07-451** |
| **RAYBURN CORRECTIONAL CENTER, ET AL.** | **SECTION: "K"(1)** |

## REPORT AND RECOMMENDATION

Plaintiff, Terrance Carlisle, a state prisoner, filed this *pro se* and *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983 against the Rayburn Correctional Center, Chaplin Wayne Cook, and Warden Jeff Travis. In this lawsuit, plaintiff claims that his rights were violated when he was not allowed to attend his mother's funeral. As relief, he is seeking monetary damages.

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint,[1] the Court finds that plaintiff's complaint should be dismissed as frivolous and for otherwise failing to state a claim on which relief may be granted.[2]

---

[1] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[2] It unnecessary to hold a Spears hearing or to allow plaintiff an opportunity to amend his complaint because he has alleged his best case and the underlying defect in this case cannot be cured by an amendment. See Jones v. Greninger, 188 F.3d 322, 327 (5th Cir. 1999); see also Juarez v. Short, 84 Fed. App'x 420, 424 (5th Cir. 2003). Any amendment would be futile because plaintiff

2

As an initial matter, the Court notes that the Rayburn Correctional Center is not a proper defendant. A prison is merely a building, not a "person" subject to suit under 42 U.S.C. § 1983. See, e.g., Cullen v. DuPage County, No. 99-C-1296, 1999 WL 1212570, at *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Correctional Facility Administration, No. 99-CIV-0420(SS), 1997 WL 659100, at *7 (S.D.N.Y. Oct. 22, 1997); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989); Mitchell v. Chester County Farms Prison, 426 F. Supp. 271, 274 (E.D. Pa. 1976).

Further, plaintiff's claim simply is not cognizable under 42 U.S.C. § 1983. The United States Fifth Circuit Court of Appeals has noted:

> To state a claim under section 1983, a plaintiff must allege facts tending to show (1) that he has been deprived of a right secured by the Constitution and the laws of the United States, and (2) that the deprivation was caused by a person or persons acting under color of state law.

Bass v. Parkwood Hospital, 180 F.3d 234, 241 (5th Cir. 1999) (quotation marks omitted); see also Wong v. Stripling, 881 F.2d 200, 202 (5th Cir. 1989). Plaintiff's lawsuit fails because his claim implicates no federal constitutional or statutory right.

As noted, plaintiff claims that he was denied the opportunity to leave prison to attend his mother's funeral. Even if that is true, it is not an actionable claim. A prisoner has no federal constitutional or statutory right to attend a relative's funeral. Rathers v. Raney, No. 99-6627, 2000 WL 1871702, at *2 (6th Cir. 2000); Adams v. Garland County Detention Center, No. 05-6086, 2006 WL 1361121, at *2 (W.D. Ark. 2006); Renfrow v. Morris, No. Civ. A. 3:01CV09, 2001 WL

---

simply is not entitled to relief for the reasons set forth in this opinion.

34564383, at *2 (E.D. Va. 2001), aff'd, 26 Fed. App'x 286 (4th Cir. 2002); Mercer v. Green Haven Correctional Facility, No. 94 CIV. 6238, 1998 WL 85734, at *3 (S.D.N.Y. 1998); Allen v. Senkowski, No. CIVA95CV1499, 1997 WL 570691, at *1 (N.D.N.Y. 1997); Green v. Coughlin, No. 94 Civ. 3356, 1995 WL 498808, at *1 (S.D.N.Y. 1995); Hipes v. Braxton, 878 F.Supp. 56, 57 (W.D. Va. 1995); Brooks v. Nash, No. 92C243, 1993 WL 266526, at *3 (N.D. Ill. 1993); Colon v. Sullivan, 681 F. Supp. 222, 223 (S.D.N.Y. 1988).

Moreover, even if such a claim were otherwise cognizable, plaintiff's claim for monetary damages is barred because his complaint makes clear that he is seeking recovery for "mental anguish and emotional stress." Federal law bars a prisoner's recovery for purely mental or emotional injuries. 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); see also Charles v. Nance, 186 Fed. App'x 494, 495 (5th Cir. 2006); Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005); Yeldon v. Ekpe, 159 Fed. App'x 314, 316 (2nd Cir. 2005).

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court,

provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this twenty-ninth day of January, 2007.

　　　　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　　　　SALLY SHUSHAN
　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE